# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ONTARIUS "TARI" ARMSTRONG,** | )<br>) |
| **Plaintiff,** | )<br>) |
| | ) **CIVIL ACTION NO.:** |
| v. | )<br>) |
| | ) **1:23-cv-411** |
| **KRYSTAL RESTAURANTS, LLC,** | )<br>) |
| **Defendant.** | )<br>)<br>) |

## COMPLAINT

**I.   INTRODUCTION**

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through (1) Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a, which provides for relief against discrimination in employment on the basis of sex and retaliation related thereto. The plaintiff seeks compensatory and punitive damages and requests a jury trial pursuant to 42 U.S.C. § 1981a.

**II.   JURISDICTION AND VENUE**

2. The unlawful employment practices and acts alleged hereinbelow were committed by the defendant within Mobile County, Alabama. Plaintiff is a resident of Mobile, Alabama. The jurisdiction of this Court is invoked pursuant to: (1) Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; and (2) 28 U.S.C. §§ 1331 and 1343. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

**III.    PARTIES**

3.    Plaintiff, Ontarius "Tari" Armstrong (hereinafter "Armstrong" or "Plaintiff"), is a citizen of the United States, and a resident of Mobile County of the State of Alabama.  Plaintiff was formerly employed by the Defendant.

4.    Plaintiff is a transgender female who was born male but has identified and openly lived as female for approximately 6-8 years. Plaintiff uses "she/her" pronouns and fully identifies as female.

5.    Defendant, Krystal Restaurants, LLC, (hereinafter "Krystals" or "Defendant"), is a Delaware corporation operating in Mobile County, Alabama. The Defendant is an employer within the meaning of 42 U.S.C. § 2000e(a) and (b) and was the employer of the Plaintiff.  At all times relevant to this action Krystals has employed at least fifteen (15) or more employees.

**IV.    ADMINISTRATIVE EXHAUSTION**

6.    The plaintiff has satisfied all administrative prerequisites for filing suit under Title VII against Krystals.

7.    On or about April 5, 2022, the plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunities Commission, the "EEOC" (Charge #425-2022-0934) in which she complained that Krystals subjected her to sex/gender discrimination and retaliation.

8.    Plaintiff subsequently received authorization from the EEOC to file a private action and is filing this Complaint within ninety (90) days of receiving said authorization.

**V.    STATEMENT OF FACTS AND CLAIMS**

9.    Plaintiff began working for Krystals on or about October 15, 2021, at their Mobile, Alabama, Store No. MBL003. She remained employed at this location until her unlawful

termination on February 27, 2022.

10. During her employment, the Plaintiff's direct supervisors included Kathy Kidd (General Manager), Derisha Mollette (Manager), Chelsea Cunningham (Manager), Lakilya Harris (Manager), and Samuel Jackson (Manager). These managers in turn reported to Anthony Ross (District Manager).

11. Beginning on or about the second day of the Plaintiff's employment she began being subjected to a hostile work environment based on her gender/transgender status.

12. Plaintiff made clear to her supervision and co-workers that she identified as female and uses "she/her" pronouns.

13. However, on or about the Plaintiff's second day on the job General Manager Kathy Kidd refused to address Plaintiff as female and insisted on calling her "him," "he," or "sir," at least six different times despite Plaintiff repeatedly requesting to be addressed properly with "she/her" pronouns.

14. The Plaintiff informed District Manager Anthon Ross of Kidd's discriminatory actions and refusal to address the Plaintiff properly. Ross informed Plaintiff he would talk to Kidd and handle the situation.

15. However, the hostile environment never stopped and only escalated with Plaintiff being subjected to ongoing and near constant gender harassment by Kidd and other managers, as well.

16. The gender harassment to which the Plaintiff was subjected throughout her four (4) months of employment included, but is not limited to the following: (1) Kidd constantly referring to Plaintiff as "he/he," "he/she," "him" or other male identity terms instead of by the Plaintiff's

name or by her preferred pronouns on an everyday basis; (2) Kidd placing the Plaintiff on the written work schedules as "He/He" instead of her name—all other employees were listed on the schedules by their names; (3) Kidd telling Plaintiff, "you're still a man at the end of the day and I am a real woman;" (4) Kidd calling Plaintiff a "sissy ass motherfucker;" (5) Kidd directed Plaintiff's co-workers and other managers to call Plaintiff "he," and not by female pronouns; (6) when customers referred to Plaintiff as "she/her" or "ma'am" Kidd would correct the customers and instruct them not to refer to Plaintiff as female and to refer to her as male instead, stating thing like, "he's alright;" (7) Kidd sent transphobic texts/e-messages to coworkers about the Plaintiff in a group chat; (8) Kidd called Plaintiff a "manly bitch," and "bitch;" (9) Kidd stated that she was, "tired of faggots working at the job;" (10) Kidd would threaten to send Plaintiff home from work telling her, "I'm sending your ass home, little boy;" (11) Manager Derisha Mollette told Plaintiff, "bitch, you're a messy ass lil boy;" and (12) Kidd made gender derogatory comments to the management team in group chats about Plaintiff including stating she looked like "Teen Wolf," and constantly referring to Plaintiff as "He/He" instead of by her name.

17. This harassment continued to occur throughout Plaintiff's employment despite the Plaintiff asking and telling management not to make such derogatory statements and despite Plaintiff's repeated complaints to multiple levels of management about the gender harassment.

18. The harassment was so pervasive that other employees and multiple managers were aware of it and discussed their knowledge of the harassment with the Plaintiff. For example, (1) Manager Derisha Molette told Plaintiff that she was referred to as "He/He" in the manager's group chat and even showed some of the derogatory messages to Plaintiff several times; (2) Manager Derisha Mollette showed Plaintiff where Kidd had placed her on the written schedule as "He/He"

4

instead of by her name; (3) Managers Lakilya Harris and Chelsea Cunningham admitted to Plaintiff that Kidd sent the managers group texts referring to Plaintiff as "He/He" and other gender derogatory terms; (4) Manager Samuel Jackson also showed Plaintiff where Kidd had placed her on the written schedule as "He/He" instead of by her name; (5) Manager Samuel Jackson also showed Plaintiff where Kidd had referenced her by gender derogatory terms in the manager group chat; and (6) Crew Member Angelica [LNU] admitted to Plaintiff that she heard managers referring to Plaintiff as "He/He" instead of her name and tried to avoid the situation.

19. Plaintiff repeatedly complained to Kidd about the gender harassment but no corrective measures were taken and Kidd and other managers continued to subject Plaintiff to ongoing acts of gender harassment throughout her employment.

20. Plaintiff complained about the harassment to and discussed the harassment with Managers Lakilya Harris, Samuel Jackson, Chelsea Cunnigham, and Derisha Mollette but no corrective measures were taken and Kidd and other managers continued to subject Plaintiff to ongoing acts of gender harassment throughout her employment.

21. Plaintiff made repeated complaints about the ongoing gender harassment to District Manager Anthony Ross beginning on her second day of employment, as referenced above. Plaintiff continued to make verbal complaints about the ongoing harassment (including Kidd's correction of customers referring to Plaintiff as "she/her") to Ross when he was in the Store approximately five (5) more times. Ross would correct Kidd, but as soon as he left the Store Kidd would continue her derogatory harassment of Plaintiff.

22. As no effective corrective measures were taken and the gender harassment continued, the Plaintiff also complained of the ongoing harassment to Ross via text/audio messages

5

on January 2, 2022; on January 28, 2022; and again on February 7, 2022. These complaints included photo evidence of Plaintiff being listed as "He/He" on the written schedule, information that other Managers were aware of the harassment, information that crew members were aware of the harassment, and that Kidd continued to refer to her as a man to the management team, to co-workers, and to customers.

23. Despite Plaintiff's repeated complaints, no corrective measures were taken and Kidd and other managers continued to subject Plaintiff to ongoing acts of gender harassment throughout her employment.

23. In Plaintiff's final February 7, 2022, complaint to Ross she informed him that she would be filing suit with the EEOC since nothing had been done to stop the harassment and discrimination. Again, no corrective measures were taken and Kidd and other managers continued to subject Plaintiff to ongoing acts of gender harassment throughout her employment.

24. On or about February 12, 2022, Plaintiff submitted a complaint of the ongoing gender harassment to the corporate office via the Defendant's "Say Something" online reporting system. Again, no corrective measures were taken and Kidd and other managers continued to subject Plaintiff to ongoing acts of gender harassment throughout her employment.

25. Plaintiff also contacted the EEOC at or about this same time in February 2022 to begin the Charge filing process.

26. In response to Plaintiff's ongoing complaints of and opposition to the gender harassment to which she was subjected, Plaintiff was also subjected on ongoing acts of retaliation, culminating in her termination on February 27, 2022.

27. On January 28, 2022, following Plaintiff's complaint to Ross on that same date and following her prior complaints to Ross and Kidd, Plaintiff was informed by Kidd that she was going to transfer Plaintiff to another store because the Plaintiff "is a problem." Plaintiff responded that she was not going to back down and that she had asked Kidd to call her by correct terminology over and over and that Kidd needed to do so.

28. Thereafter, following each of the Plaintiff's complaints of harassment she was subjected to an ongoing barrage of unwarranted disciplinary actions by Kidd including write ups issued on February 6, 2022; February 25, 2022; February 26, 2022; and culminating in her unwarranted termination on February 27, 2022. Each of these retaliatory disciplinary actions were unfounded, unwarranted, predicated on patently false allegations, or were issued over activities that Kidd, Mollette, and other non-transgender employees routinely engaged in themselves and which did not merit such disciplinary actions.

29. Additionally, General Manager Kidd blocked the Plaintiff from being able to communicate with her via phone such that Plaintiff could not make schedule inquires, call out for scheduled doctor appointments, or communicate with Kidd regarding the terms of her job.

30. Prior to these disciplinary actions the Plaintiff had received no discipline and the Defendant had no issues with her performance of any kind.

31. The plaintiff was subjected to disparate treatment on the basis of her transgender status and her gender identity as female, in the terms, conditions and benefits of her employment, including being subjected to a hostile work environment, being subjected to unwarranted discipline, and culminating in her termination.

32. In retaliation for exercising her rights under Title VII by making complaints of unlawful gender harassment and participating in the EEOC Charge process, the Defendant subjected the Plaintiff to unlawful retaliation including, but not limited to, subjecting her to a retaliatory hostile work environment, and by subjecting her to unwarranted, pretextual disciplinary actions which culminated in the termination of her employment.

33. Plaintiff was not provided with any effective training on gender harassment, gender discrimination, or retaliation by the Defendant.

34. The Defendant failed to promulgate, distribute, or enforce an effective policy or procedure for lodging gender harassment, gender discrimination, or retaliation complaints.

36. The unlawful conduct of the defendant as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the plaintiff's rights.

37. The defendant's conduct as described above caused the plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

## COUNT I - TITLE VII VIOLATIONS: GENDER/SEXUAL HARASSMENT

38. The plaintiff re-alleges and incorporates by reference paragraphs 9-34 above with the same force and effect as if fully set out in specific detail hereinbelow.

39. The Defendant willfully and maliciously subjected the Plaintiff to unlawful gender harassment, thereby discriminating against her on the basis of her status as a transgender female and her identity as female with respect to the terms, conditions, and privileges of her employment, and culminating in her termination, as set out above.

40. The gender harassment of the Plaintiff by her supervisors and co-workers, as set out above, was unwelcome and was severe and/or pervasive enough to adversely affect the terms

and conditions of her employment.

41. The Defendant knew or should have known of the gender harassment of the Plaintiff and/or the gender based hostile environment to which she was subjected and did not take effective preventative action or prompt effective remedial action.

42. The Plaintiff made good faith and reasonable complaints of gender harassment to the Defendant, but no effective remedial action was taken and the gender based hostile work environment continued throughout the Plaintiff's employment.

43. Said gender harassment was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

44. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory and punitive damages is her only means of securing adequate relief.

45. Plaintiff is now suffering, and will continue to suffer irreparable injury from the defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT II - TITLE VII VIOLATIONS: GENDER/SEXUAL DISCRIMINATION

46. The Plaintiff re-alleges and incorporates by reference paragraphs 9-34 above with the same force and effect as if fully set out in specific detail hereinbelow.

47. The Plaintiff was subjected to disparate treatment on the basis of her status as a transgender female and her identity as female in the terms, conditions and benefits of her employment, including being subjected to stricter scrutiny and unwarranted discipline to which her cisgender co-workers and managers were not subjected, including her ultimate pretextual termination, as set out in detail above.

9

48. The Defendant knew or should have known of the gender discrimination to which the Plaintiff was subjected and did not take effective preventative action or prompt effective remedial action.

49 The Plaintiff made good faith and reasonable complaints of gender discrimination to the Defendant, but no effective remedial action was taken and the gender based discrimination continued throughout the Plaintiff's employment culminating in her unwarranted discharge.

50. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of the plaintiff.

51. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory and punitive damages is her only means of securing adequate relief.

52. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### COUNT III - TITLE VII VIOLATIONS: RETALIATION

53. The Plaintiff re-alleges and incorporates by reference paragraphs 9-34 above with the same force and effect as if fully set out in specific detail hereinbelow.

54. As set out above, the Plaintiff was subjected to ongoing acts of gender based harassment and discrimination.

55. The Plaintiff made good faith and reasonable complaints of gender harassment to multiple levels of management of the Defendant but no effective remedial action was taken and the gender based hostile work environment continued throughout the Plaintiff's employment.

56. Thereafter, Plaintiff was also subjected to a retaliatory hostile work environment which included being threatened with being sent home from work, being blocked from communications with her General Manager, being threatened with a transfer for being a "problem," and being subjected to a barrage of unwarranted disciplinary action culminating in her termination.

57. The Plaintiff made good faith and reasonable complaints to multiple levels of management about the acts of unlawful retaliation to the Defendant but no effective remedial action was taken and the retaliation continued throughout the Plaintiff's employment.

58. The Plaintiff also took actions to participate in filing a Charge of Discrimination with the EEOC during her employment with the Defendant and informed them of her intention to do so.

59. The Defendant retaliated against the plaintiff for protesting and complaining of gender harassment/discrimination and/or of retaliation in the terms, conditions and benefits of her employment, including being threatened with being sent home from work, being blocked from communications with her General Manager, being threatened with a transfer for being a "problem," and being subjected to a barrage of unwarranted disciplinary action culminating in her termination.

60. The Defendant retaliated against the plaintiff for participating in the process of filing a Charge of Discrimination with the EEOC in the terms, conditions and benefits of her employment, including being threatened with being sent home from work, being blocked from communications with her General Manager, and being subjected to a barrage of unwarranted disciplinary action culminating in her termination.

61. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of the plaintiff.

62. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory and punitive damages is her only means of securing adequate relief.

63. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII.

2. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII.

3. Enter an Order requiring the defendant to make the plaintiff whole by awarding her the position(s) she would occupy in the absence of gender discrimination/harassment/retaliation, and/or frontpay, backpay (plus interest), compensatory, punitive, and/or nominal damages.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

        Respectfully submitted,

        <u>s/ Temple D. Trueblood</u>
        Temple D. Trueblood (TRUE0355)
        Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

CO-COUNSEL:
Henry Brewster (BREWH7737)
Henry Brewster, LLC
205 N. Conception Street
Mobile, AL 36603
251-338-0630


**Plaintiff requests this Honorable Court to serve via certified mail upon each of the named Defendants the following : Summons, Complaint.**

**<u>Defendant's Address:</u>**

Krystal Restaurants, LLC
c/o Registered Agent
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

        <u>s/ Temple D. Trueblood</u>
        OF COUNSEL